# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2012

No. 12-30011
Summary Calendar

Lyle W. Cayce
Clerk

SAM SOLOMON; TALAL SOLIEMAN; ABDULLAH SOLIEMAN,

Plaintiffs-Appellants

v.

STEVE SPALITTA; OFFICER A, of the Louisiana State Alcohol and Tobacco Control, Individually; KEITH LANDINE; FRANKLIN SUPPLY, INCORPORATED, a Louisiana Corporation,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-604

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Two brothers and their father filed a Section 1983 suit against officers of the Louisiana State Alcohol and Tobacco Control Board as well as a Louisiana business and its owner. The district court granted summary judgment to the defendants. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30011

FACTS

Sam Solomon owned a store in Baton Rouge, Louisiana that sold cigarettes. To replace cigarettes lost in a burglary, Sam and his brother Talal Solieman, along with their father Abdullah Solieman, arranged to purchase a large number of cigarettes from Franklin Supply, Inc. A dispute arose over payment. On the day of delivery, Franklin Supply demanded immediate payment. The plaintiffs asserted they had ten days to pay. When payment was not made contemporaneously with delivery, and after the plaintiffs moved the cigarettes to a secure storage facility, Franklin Supply filed a criminal complaint against Sam Solomon, alleging he stole $94,000 worth of cigarettes. Franklin Supply also contacted the Louisiana Department of Revenue and Taxation's Office of Tobacco Control. In response, the office began investigating the plaintiffs.

As part of the investigation, members of the Office of Tobacco Control, including defendant Steve Spalitta, questioned Abdullah Solieman and searched his business. After that search, Spalitta demanded access to Abdullah's apartment. After searching it, Spalitta arrested Abdullah. During the process, Spalitta accused the plaintiffs of being terrorists who used the proceeds of cigarette sales to fund terrorism in Afghanistan. Solomon was also forcibly detained. Around the time of Solomon's detention, Spalitta contacted authorities in Illinois, where Talal was located. Spalitta advised the Illinois authorities, along with the Department of Homeland Security and FBI, that Talal was a terrorist. Upon questioning Talal, the federal government found no merit in Spalitta's allegation. All criminal charges against the plaintiffs were subsequently dismissed.

No. 12-30011

About twenty months later, the plaintiffs filed a Section 1983 suit against the defendants. Although all the alleged acts by the defendants occurred within Louisiana, the plaintiffs originally filed their lawsuit in the United States District Court for the Northern District of Illinois. The defendants appeared before the federal court in Illinois and raised numerous objections, including lack of personal jurisdiction and improper venue. The district court agreed and, pursuant to 28 U.S.C. § 1406, transferred the case to the United States District Court for the Middle District of Louisiana. Thereafter, the defendants moved for summary judgment. The district court in Louisiana granted the defendants' motions. The plaintiffs appeal.

## DISCUSSION

"We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court." *Gale v. Carnrite*, 559 F.3d 359, 362 (5th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a).

The plaintiffs raise only one issue on appeal: because the defendants did not strictly comply with the requirements of Federal Rule of Civil Procedure 8(c)(1), should the district court have considered whether the statute of limitations had run on the plaintiffs' claims?[1] According to Rule 8(c)(1), a litigant must in his responsive pleading "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Failure to follow the rule can lead to waiver of the defense. *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008).

---

[1] The plaintiffs do not contest that Shawn Kelly, originally identified as "Officer A," was improperly served. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

No. 12-30011

Courts recognize, however, that the rule has "some play in the joints." *Id.* Technical noncompliance may be excused so long as "the affirmative defense is raised in the trial court in a manner that does not result in unfair surprise." *Id.* (marks and citation omitted). The concern is that the plaintiff will not have a chance to rebut the defense. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1277 (3d ed. 1998). Therefore, if the defense "is raised at a pragmatically sufficient time, and the plaintiff was not prejudiced in its ability to respond," we generally will not find the defense waived. *McDorman*, 521 F.3d at 385-86 (marks and citation omitted). For these reasons, defenses raised for the first time in motions for summary judgment may, under the proper circumstances, be considered. *See Standard Waste Sys. Ltd. v. Mid-Continent Cas. Co.*, 612 F.3d 394, 398-99 (5th Cir. 2010).

The affirmative defense of prescription was raised by Spalitta in his answer to the original complaint after it was transferred to the district court in Louisiana. He asserted that at least some of the claims were barred by Louisiana's statute of limitations. Landen and Franklin Supply argued that all of the claims by Abdullah Solieman were barred as were most of those brought by Sam Solomon and Talal Solieman. After it was clear that prescription would be argued, the plaintiffs filed an amended complaint. The defendants again moved for summary judgment, once again arguing prescription. In their opposition to summary judgment, the plaintiffs responded to the prescription argument directly and on the merits. They contended that the statute of

4

No. 12-30011

limitations provided by Illinois, not Louisiana, should control and that, under Illinois law, their claims were timely.[2]

Though the affirmative defense was not raised until the case was transferred to Louisiana, there was no unfair surprise that interfered with the plaintiffs' ability to respond to the defense. *See Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000). The defendants did not waive their affirmative defense of prescription. Accordingly, we see no error in the only issue before us on appeal.

AFFIRMED.

---

[2] For this type of claim, Louisiana has a prescription period of one year, La. Civ. Code art. 3492, while the statute of limitations in Illinois is two years. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006).